UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN WILKOF, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS, AND MUKUL RATHI<br><br>Defendants. | Civil Action No. 2:09-cv-12830-RHC-MJH<br><br><br><br>CLASS ACTION |
| DEANNA ADAMS, EUGENE DENEUTTE, COLLIN D. SMITH, and BARRY S. WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL MOVENS and MUKUL RATHI,<br><br>Defendants. | Civil Action No. 2:09-cv-12900<br><br><br><br>CLASS ACTION |

| | |
|---|---|
| S. Thomas Wienner (P29233)<br>Wienner & Gould, P.C.<br>Attorneys for Plaintiff<br>950 W. University Dr., Ste. 350<br>Rochester, MI 48307<br>(248) 841-9400 | Joe Kendall<br>Hamilton Lindley<br>Kendall Law Group, LLP<br>Attorneys for Plaintiff<br>3232 McKinney, Ste. 700<br>Dallas, TX 75204<br>(214) 744-3000 |

**KEVIN KOZIATEK'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL**

PLEASE TAKE NOTICE that proposed lead plaintiff Kevin Koziatek ("Koziatek") will and hereby does move this Court, on a date and at such time as may be designated by the Court, at 231 W. Lafayette Blvd., Detroit, MI 48226 for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Kevin Koziatek as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B); and (3) approving Kevin Koziatek's selection of Kendall Law Group as lead counsel and Wienner & Gould, P.C. as liaison counsel for the class. In support of this motion, Kevin Koziatek submits the accompanying Memorandum of Law and a [Proposed] Order.[1]

Dated: September 15, 2009

/s/ S. Thomas Wienner (P29233)
Wienner & Gould, P.C.
950 W. University Dr., Ste. 350
Rochester, MI  48307
(248) 841-9400; Fax 652-2729
Primary E-Mail:  twienner@wiennergould.com
[Proposed] Liaison Counsel

JOE KENDALL
HAMILTON LINDLEY
Kendall Law Group LLP
3232 McKinney, Ste. 700
Dallas, TX 75204
Telephone: 214-744-3000
Facsimile: 214-744-3015

[Proposed] Co-Lead Counsel for Plaintiffs

---

[1] This motion has been filed pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(A) and (B), as amended by the Private Securities Litigation Reform Act of 1995. Per these guidelines, within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. Therefore, any potential party to the action is aware of the requirements for filing a lead plaintiff motion; however, due to the nature of the filing, counsel for Kevin Koziatek has no way of knowing who the competing lead plaintiff candidates are at this time. As a result, counsel for Kevin Koziatek have been unable to conference with opposing counsel as prescribed in L.R. 7.1(a) and respectfully requests relief from this requirement.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN WILKOF, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS, AND MUKUL RATHI )<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 2:09-cv-12830-RHC-MJH<br><br><br><br>CLASS ACTION |
| DEANNA ADAMS, EUGENE DENEUTTE, COLLIN D. SMITH, and BARRY S. WEINER, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL MOVENS and MUKUL RATHI, )<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 2:09-cv-12900<br><br><br><br><br>CLASS ACTION |

S. Thomas Wienner (P29233)
Wienner & Gould, P.C.
Attorneys for Plaintiff
950 W. University Dr., Ste. 350
Rochester, MI 48307
(248) 841-9400

Joe Kendall
Hamilton Lindley
Kendall Law Group, LLP
Attorneys for Plaintiff
3232 McKinney, Ste. 700
Dallas, TX 75204
(214) 744-3000

**MEMORANDUM OF LAW IN SUPPORT OF
KEVIN KOZIATEK'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

Statement of Issues Pursuant to LR 7.1(c)(2) ................................................................... iii

Statement of Controlling Authority Pursuant to LR 7.1(c)(2)......................................... iv

I.      INTRODUCTION......................................................................................................1

II.     FACTUAL BACKGROUND....................................................................................2

III.    ARGUMENT..............................................................................................................4

        A.    The Actions Should Be Consolidated For All Purposes..........................4

        B.    Kevin Koziatek Should Be Appointed Lead Plaintiff..............................5

              1.    This Motion Is Timely ................................................................6

              2.    Kevin Koziatek Has the Largest Financial Interest
                in the Relief Sought by the Class.................................................6

              3.    Kevin Koziatek Otherwise Satisfy Rule 23 of the Federal
                Rules of Civil Procedure.............................................................6

        C.    The Court Should Approve Kevin Koziatek's Selection of Counsel......8

CONCLUSION..................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES** Page(s)

*In re Am. Med. Sys., Inc.*,
 75 F.3d 1069 (6th Cir. 1996)……..............................................................................6

*Bendzak v. Midland Nat'l Life Ins. Co.*,
 240 F.R.D. 449 (S.D. Iowa 2007)...............................................................................3

*In re CMS Energy Sec. Litig.*,
 2002 WL 32817518 (E.D. Mich. 2002)......................................................................3

*Haase v. GunnAllen Fin., Inc.*,
 2008 U.S. Dist. LEXIS 59153 (E.D. Mich. 2008)......................................................5

*Schwartz v. TXU Corp.*
 2005 U.S. Dist. LEXIS 27077 (N.D. Tex. 2005) ….................................................7

**STATUTES**

15 U.S.C. §78u-4(a)(1)....................................................................................................1

15 U.S.C. §78u-4(a)(3)(A)...............................................................................................4

15 U.S.C. §78u-4(a)(3)(A)(i)...........................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(i)...........................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(ii)......................................................................................1, 2

15 U.S.C. §78u-4(a)(3)(B)(iii)..................................................................................1, 2, 4

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)..............................................................................4

15 U.S.C. §78u-4(a)(3)(B)(v) .....................................................................................2, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23............................................................................................................5, 8

Fed. R. Civ. P. 42(a) ......................................................................................................1, 3

iii

## STATEMENT OF ISSUES PURSUANT TO LR 7.1(c)(2)

1.      Is it appropriate under Rule 42 of the Federal Rules of Civil Procedure for this Court to consolidate the above-captioned related actions that involve common questions of law and fact?

Proposed Answer: Yes.

2.      Is Kevin Koziatek the lead plaintiff movant with the largest financial interest, and does he otherwise satisfy Rule 23 of the Federal Rules of Civil Procedure at this preliminary stage, thereby requiring his appointment as Lead Plaintiff and approval of its selection of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995?

Proposed Answer: Yes.

## STATEMENT OF CONTROLLING AUTHORITY PURSUANT TO LR 7.1(c)(2)

1.      Rule 42(a) of the Federal Rules of Civil Procedure governs whether the above-captioned actions should be consolidated. Moreover, the PLSRA requires the Court to first decide whether to consolidate the above-captioned actions before appointing Lead Plaintiff and Lead Counsel. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

2.      The Private Securities Litigation Reform Act of 1995's Lead Plaintiff provision, 15 U.S.C. § 78u-4(a)(3)(B), governs the selection of Lead Plaintiff and Lead Counsel.

Plaintiff Kevin Koziatek ("Koziatek") respectfully submits this memorandum of law in support of his motion for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of his selection of Kendall Law Group LLP ("Kendall") as lead counsel and Wienner & Gould, P.C. ("W&G") as liaison counsel for the class.

## I. INTRODUCTION

Presently pending in this district are two related securities class action lawsuits (the "Actions") on behalf of all persons who purchased or otherwise acquired the securities of Caraco Pharmaceutical Laboratories, Inc. ("Caraco" or the "Company") between May 28, 2008 and June 25, 2009, inclusive (the "Class Period"), against Caraco and certain of its officers.

| CASE NAME | CASE NO. | CLASS PERIOD |
|---|---|---|
| *Wilkof v. Caraco Pharmaceutical Laboratories, Ltd. et al.* | 2:09-cv-12830-RHC-MJH | May 28, 2008 – June 25, 2009 |
| *Adams, et al v. Caraco Pharmaceutical Laboratories, Ltd. et al.* | 2:09-cv-12900-VAR-MKM | June 10, 2008 – June 25, 2009 |

These actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. The PSLRA requires courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). In addition, Kevin Koziatek should be appointed as lead plaintiff because he: (1) timely filed his motion; (2) to his counsel's

1

knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, Kevin Koziatek's selection of Kendall Law Group LLP as lead counsel and Wienner & Gould, P.C. as liaison counsel for the class should be approved. See 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Caraco is a pharmaceutical company engaged in the development, manufacture, marketing, and distribution of generic, prescription, and over-the-counter pharmaceuticals for wholesalers, distributors, warehousing and non-warehousing chain drugstores, and managed care providers in the United States and Puerto Rico.

During the Class Period, defendants misrepresented the condition of Caraco's business. Specifically, defendants failed to disclose that the Company did not adhere to current good manufacturing practices ("cGMPs") enforced by the U.S. Food and Drug Administration ("FDA").

Subsequently, on June 25, 2009, the FDA issued a news release entitled ― "U.S. Marshals Seize Drug Products Manufactured by Caraco Pharmaceutical Laboratories Ltd; FDA acts to prevent repeated drug quality problems." The release stated in part:

> U.S. Marshals, at the request of the Food and Drug Administration, today seized drug products manufactured by Caraco Pharmaceutical Laboratories Ltd. (Caraco), at the company's Michigan facilities in Detroit, Farmington Hills, and Wixom. The seizure also includes ingredients held at these same facilities. "The FDA is committed to taking enforcement action against firms that do not manufacture drugs in accordance with our good manufacturing practice requirements," said Janet Woodcock, M.D., director of the FDA's Center for Drug Evaluation and Research. "Compliance with these standards prevents harm to the public."
>
> This action follows Caraco's continued failure to meet the FDA's current Good Manufacturing Practice (cGMP) requirements, which assure the quality of manufactured drugs. Through this seizure, the FDA seeks to immediately stop the firm from further distributing drugs until there is assurance that the firm complies with good manufacturing requirements.
>
> Since January 2009, Caraco has initiated voluntary recalls of drug products to protect the public from potentially defective medications. The recalls involved manufacturing defects, including oversized tablets and possible formulation error.

As a result of this disclosure, Caraco's stock price dropped from $4.18 to $2.39 the next day. This decrease in Caraco's stock price was a result of the artificial inflation caused by defendants' misleading statements coming out of the stock price.

## III. ARGUMENT

### A. The Actions Should Be Consolidated for All Purposes

"When actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . ." Fed. R. Civ. P. 42(a). Here, the Actions assert claims on behalf of purchasers of Caraco securities for alleged violations of the 1934 Act during substantially similar Class Periods.[1] Each of the Actions name the Company and certain of its officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased Caraco securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Thus, the Actions should be consolidated. *In re CMS Energy Sec. Litig.*, 2002 WL 32817518, at *1 (E.D. Mich. 2002) (explaining that court consolidated numerous securities actions prior to ruling on lead plaintiff motions).

### B. Kevin Koziatek Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to

---

[1] As long as the factual allegations are virtually identical, minor differences among the class periods and named defendants are not sufficient to preclude consolidation. *See, e.g., Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D. 449, 451 (S.D. Iowa 2007) (explaining that "slight differences among the class periods proposed" do not preclude consolidation).

3

the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on July 17, 2009, on Business Wire in connection with the filing of the first-filed action. *See* Ex. B.[2]

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Kevin Koziatek meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from July 17, 2009, or September 15, 2009. *See* Ex. C; 15 U.S.C. §78u-4(a)(3)(A). Kevin Koziatek, therefore, has timely filed his motion. *Id*. In

---

[2] All exhibits are attached to the Index of Exhibits filed concurrently herewith.

4

addition, Kevin Koziatek has submitted a sworn certification confirming his willingness and ability to serve as lead plaintiff. *See* Ex. A. Thus, Kevin Koziatek has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

> **2. Kevin Koziatek Have the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, Kevin Koziatek lost more than $18,000 due to defendants' misconduct. *Se*e Ex. A. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Kevin Koziatek satisfy the PSLRA's prerequisite of having the largest financial interest.

> **3. Kevin Koziatek Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – are generally addressed at the lead plaintiff stage. *See, e.g., Haase v. GunnAllen Fin., Inc.*, 2008 U.S. Dist. LEXIS 59153, at *5-*6 (E.D. Mich. 2008) (Cook, J.) (referencing typicality and adequacy requirements during lead plaintiff inquiry).

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). A claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the

same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Adequacy generally requires that "the representative must have common interests with unnamed members of the class," and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Id*. at 1083.

Kevin Koziatek satisfies these requirements because, just like all other class members, he purchased Caraco securities during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby. *See* Ex. A; *Am. Med. Sys., Inc.*, 75 F.3d at 1082. Thus, Kevin Koziatek's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Kevin Koziatek is also capable of working adequately in the capacity of lead plaintiff because there is no evidence of antagonism between Kevin Koziatek and the class. *Am. Med. Sys., Inc*., 75 F.3d at 1083. Additionally, as explained below, Kevin Koziatek's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Thus, Kevin Koziatek satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

  **C.**  **The Court Should Approve Kevin Koziatek's Selection of Kendall Law Group as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Kevin Koziatek has selected Kendall Law Group, LLP to serve as lead counsel and Wienner & Gould, P.C. to serve as liaison counsel.

Kendall Law Group is actively engaged in the practice of complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Ex. C.  Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Kendall Law Group.  See, *Schwartz v. TXU Corp.*, 2005 U.S. Dist. LEXIS 27077, at *51 (N.D. Tex. 2005) (approving $149.75 million settlement with Joe Kendall as Co-Lead Counsel).  In addition, Wienner & Gould is highly experienced in complex litigation and securities litigation matters.  As one of Michigan's most respected law firms Wienner & Gould is well qualified to represent the class as liaison counsel. *See* Ex. D. Accordingly, Kevin Koziatek's selection of counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Kevin Koziatek respectfully request that the Court: (1) consolidate the related actions; (2) appoint Kevin Koziatek as Lead Plaintiff; and (3) approve his selection of Kendall Law Group LLP to serve as Lead Counsel and Wienner Gould PC as Liaison Counsel for the class.

Dated:  September 15, 2009   /s/ S. Thomas Wienner (P29233)
Wienner & Gould, P.C.
950 W. University Dr., Ste. 350
Rochester, MI  48307
(248) 841-9400; Fax 652-2729
Primary E-Mail:  twienner@wiennergould.com
[Proposed] Liaison Counsel

JOE KENDALL
HAMILTON LINDLEY
Kendall Law Group LLP
3232 McKinney, Ste. 700
Dallas, TX 75204
Telephone: 214-744-3000
Facsimile: 214-744-3015

[Proposed] Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN WILKOF, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS, AND MUKUL RATHI )<br><br>Defendants. ) | Civil Action No. 2:09-cv-12830-RHC-MJH<br><br><br><br><u>CLASS ACTION</u> |
| DEANNA ADAMS, EUGENE DENEUTTE, COLLIN D. SMITH, and BARRY S. WEINER, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL MOVENS and MUKUL RATHI, )<br><br>Defendants. ) | Civil Action No. 2:09-cv-12900<br><br><br><br><u>CLASS ACTION</u> |

S. Thomas Wienner (P29233)
Wienner & Gould, P.C.
Attorneys for Plaintiff
950 W. University Dr., Ste. 350
Rochester, MI 48307
(248) 841-9400

Joe Kendall
Hamilton Lindley
Kendall Law Group, LLP
Attorneys for Plaintiff
3232 McKinney, Ste. 700
Dallas, TX 75204
(214) 744-3000

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2009, I electronically filed the foregoing Motion and Memorandum of Law, and accompanying Index of Exhibits with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

E. Powell Miller     epm@millerlawpc.com

I hereby also certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:

Andrew P. Bos
Caraco Pharmaceutical Laboratories, Ltd.
1150 Elijah McCoy Drive
Detroit, MI 48202
(313) 871-8400

Lionel Z. Glancy
Michael Goldberg
Richard A. Mansikas
Glancy Binkow & Goldberg, LLP
1801 Avenue of the Stars, Ste. 311
Los Angeles, CA 90067
310-201-9150

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Ste. 112
Bensalem, PA 19020
215-638-4847

Dated:  September 15, 2009         /s/ S. Thomas Wienner (P29233)
                                    Wienner & Gould, P.C.
                                    950 W. University Dr., Ste. 350
                                    Rochester, MI  48307
                                    (248) 841-9400; Fax 652-2729
                                    Primary E-Mail:  twienner@wiennergould.com
                                    [Proposed] Liaison Counsel