**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**DETROIT DIVISION**

| | |
|---|---|
| JONATHAN WILKOF, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>      v.<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS and MUKUL RATHI,<br><br>                      Defendants. | No. 2:09-cv-12830-RHC-MJH<br><br>**CLASS ACTION**<br><br>**MOTION OF TUSHAR AMIN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |
| DEANNA ADAMS, EUGENE DENEUTTE, COLLIN D. SMITH and BARRY S. WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>      v.<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS and MUKUL RATHI,<br><br>                      Defendants. | No. 2:09-cv-12900-VAR-MKM |

**MOTION OF TUSHAR AMIN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

NOW COMES proposed lead plaintiff Tushar Amin ("Movant"), and by and through

Counsel, moves this Court, under §§21(D) *et seq*. of the Securities Exchange Act of 1934 as

amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a)

consolidating related actions, (b) appointing Tushar Amin as Lead Plaintiff, and (c) approving

Movant's selection of Glancy Binkow & Goldberg LLP as Lead Counsel for the Class.

  This motion is brought pursuant to the Securities Exchange Act of 1934, the Federal

Rules of Civil Procedure and the PSLRA.

  This motion is supported by the attached brief and the Court's complete files and records

in this action, as well as such further argument as the Court may allow at a hearing on this

motion.[1]

Respectfully submitted,

DATED: September 15, 2009   **THE MILLER FIRM**

         By: /s/ *E. Powell Miller*
          E. Powell Miller
         950 West University Drive, Suite 300
         Rochester, Michigan 48307
         Telephone: (248) 841-2200
         Facsimile: (248) 652-2852

         *Proposed Liaison Counsel*

         **GLANCY BINKOW & GOLDBERG LLP**
         Lionel Z. Glancy

---

[1]This motion is filed pursuant to Section 21 of the Securities Exchange Act as amended by the PSLRA. This Section provides that, within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Movant has no way of knowing who, if any, competing lead plaintiff candidates are at this time. As a result, counsel for Movant has been unable to meet and confer with opposing counsel, and respectfully requests that the conference requirement of E. D. Mich. LR 7.1(a) be waived for the purpose of this motion

Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

***Proposed Lead Counsel***

**ENDFIELD**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# DETROIT DIVISION

| | |
|---|---|
| JONATHAN WILKOF, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    v.<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS and MUKUL RATHI,<br><br>               Defendants. | No. 2:09-cv-12830-RHC-MJH<br><br>**CLASS ACTION**<br><br>**BRIEF IN SUPPORT OF MOTION OF TUSHAR AMIN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |
| DEANNA ADAMS, EUGENE DENEUTTE, COLLIN D. SMITH and BARRY S. WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    v.<br><br>CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS and MUKUL RATHI,<br><br>               Defendants. | No. 2:09-cv-12900-VAR-MKM |

--

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*In re American Medical Systems, Inc.*, 75 F.3d 1069 (6th Cir. 1996)

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002)

*In re eSpeed, Inc. Securities Litigation*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990)

*Johnson v. Dana Corp.*, 236 F.R.D. 349 (N.D. Ohio 2006)

*Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998)

Federal Rule of Civil Procedure 42(a)

Federal Rule of Civil Procedure 23

Private Securities Litigation Reform Act

## STATEMENT OF ISSUES PRESENTED

Should the related actions be consolidation?

      Movant Says:  Yes

Should movant be appointed lead plaintiff?

      Movant Says:  Yes

Should movant's selection of counsel be approved?

      Movant Says: Yes

ENDFIELD

Proposed lead plaintiff Tushar Amin (hereinafter, "Movant"), respectfully submits this brief in support of his motion for consolidation of related actions, appointment as lead plaintiff and for approval of lead plaintiff's selection of lead counsel.

I.     **FACTUAL BACKGROUND**

This is a securities class action on behalf of purchasers of the securities of Caraco Pharmaceutical Laboratories, Ltd. ("Caraco" or the "Company") between May 29, 2008 and June 25, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Caraco is engaged primarily in the business of developing, manufacturing, marketing and distributing throughout the U.S. generic and private-label pharmaceuticals to the nation's largest wholesalers, distributors, warehousing and non-warehousing chain drugstores and managed care providers. These products are intended to treat a variety of disorders including hypertension, arthritis, epilepsy, diabetes, psychosis, depression and pain management.

Throughout the Class Period, defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) although Caraco represented that its facilities were maintained in accordance with United States Food and Drug Administration ("FDA") guidelines, the Company failed to meet the FDA's current Good Manufacturing Practice ("cGMP") requirements, which assure the quality of manufactured drugs; (2) the Company failed to take corrective measures in order to

-1-

have its manufacturing facilities comply with the FDA's cGMP requirements; (3) the Company

had failed to remedy repeat violations of FDA regulations previously observed and documented

by the FDA; (4) the foregoing significantly jeopardized the Company's ability to gain FDA

approval of pending new drug applications; and (5), as a result of these problems, the Company

would have to recall certain products.

On November 3, 2008, Caraco revealed that the Company had received a warning letter

from the FDA.  Caraco disclosed that the letter was issued as a follow up to the last FDA

inspection of the Company's manufacturing facility in Detroit, Michigan, which was initiated in

May 2008 and resulted in the issuance of a Form 483 in June 2008 following the inspection.

Caraco, however, represented to investors that the Company had responded to all the

observations made in the Form 483 and had taken "corrective actions," which were

"substantially completed."

On this news, over the next three days, shares of Caraco declined by $2.26 per share,

more than 22%, to close on November 5, 2008, at $7.91 per share, on unusually heavy volume.

On March 31, 2009, Caraco further disclosed that it had commenced a voluntary

recall, with the knowledge of the FDA, of certain tablets manufactured by the Company because

the tablets might have differed in size and therefore could have more or less of the active

ingredient.

On this news, shares of Caraco declined $1.03 per share, more than 22%, to close on

March 31, 2009, at $3.52 per share, on unusually heavy volume.

Then, on June 25, 2009, the last day of the Class Period, the FDA announced that U.S.

Marshals had seized drug products manufactured by Caraco from the Company's facilities.

According to the FDA, this action followed Caraco's continued failure to meet the cGMP

requirements.  The FDA stated that through the seizure the agency sought to immediately stop

the Company from further distributing drugs until there is assurance that the Company complies

with good manufacturing requirements.

Asa result of this news, shares of Caraco declined $1.79 per share, approximately 43%, to

close on June 25, 2009, at $2.39 per share, on unusually heavy trading volume.

## II.    PROCEDURAL HISTORY

Plaintiff Jonathan Wilkof commenced the instant action on July 17, 2009, and on that day

counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a

widely circulated national business-oriented wire service.  *See* Exhibit A. In addition to the

*Wilkof* action, a related was filed in this District (collectively, the "Related Actions"), and each

of the Related Actions are reflected above in the caption of this document.

Movant brings the instant motion pursuant to the *Wilkof* complaint and notice of

pendency, and files this motion prior to expiration of the 60-day period from publication of the

July 17, 2009, notice.

## III.    ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions

of law and fact.  *See Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412 (6th Cir. 1998).

The Court has broad discretion under this Rule to consolidate cases pending within its District.

-3-

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

**B.    Tushar Amin Should Be Appointed Lead Plaintiff**

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

-4-

As set forth below, Movant Tushar Amin satisfies all three of these criteria, and thus is entitled to the presumption that he is the most adequate lead plaintiff for the Class.

### 1.    Movant Is Making A Motion In Response To A Notice

Plaintiff Jonathan Wilkof commenced the instant action on July 17, 2009, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Caraco securities that they had until September 15, 2009, to file a motion to be appointed as lead plaintiff.  Movant files the instant motion pursuant to plaintiff Jonathan Wilkof's complaint and published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Exhibit B.  Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2.    Movant Has The Requisite Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Movant purchased 109,596 shares of Caraco at prices alleged to

---

[2]*See Bassin v. deCODE Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y 2005).

be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Movant has suffered losses of $105,587,10. *See* Exhibit C.

Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996). To the best of his knowledge, Movant believes that he has the largest known financial interest in this case of any lead plaintiff movant, and  and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### C.    Tushar Amin Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. *See In re eSpeed, Inc. Securities Litigation*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005). A preliminary

showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Id.* Courts

thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

examination of the remaining requirements until class certification. *Id.*

### a.     Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims "arise[] from

the same event or practice or course of conduct that gives rise to the claims of other class

members, and if his or her claims are based on the same legal theory." *In re American Medical

Systems, Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Rule 23 does not require the lead plaintiff to

be identically situated with all Class members. It is enough that the lead plaintiff's situation

shares a common issue of law or fact. *See Craft v. Vanderbilt University*, 174 F.R.D. 396, 404

(M.D.Tenn. 1996). Here, Movant's claims are typical of the claims asserted by the Class.

Movant, like all members of the Class, alleges that defendants violated the Exchange Act by

publicly disseminating a series of false and misleading statements concerning Caraco's business,

operations and prospects. Movant, like all of the members of the Class, purchased Caraco

securities during the Class Period at prices artificially inflated by defendants' misrepresentations

and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class

members, and they are, therefore, typical of the other members of the Class.

### b.     Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established

that a representative party has the ability to represent the claims of the class vigorously and there

is no conflict between the movant's claims and those asserted on behalf of the class. *In re American Medical Systems*, 75 F.3d at 1083.

Movant has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movant herein has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware of any antagonism between his interests and those of other Class members. Movant also has sustained substantial financial losses from his investments in Caraco securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Exhibit C.

### 4. Tushar Amin Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Tushar Amin as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I); *Johnson v. Dana Corp.*, 236 F.R.D. 349, 351 (N.D. Ohio 2006).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial losses – in excess of $105,000 – and believes that he has the largest financial interest in this case. The ability of Movant to fairly and adequately represent the Class is discussed above. In addition, Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class.

-8-

Moreover, Movant has selected and retained competent and experienced counsel to represent him and the Class. Accordingly, Tushar Amin is presumptively the most adequate lead plaintiff and should be appointed lead plaintiff for the Class.

**B.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §77u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §77u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002).

In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, with The Miller Law Firm, P.C. as liaison counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's resumé attached as Exhibit D. Thus, the Court may be assured that, by granting the Tushar Amin's motion, the Class will receive the highest caliber of legal representation.

**IV.    CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order (a) consolidating related actions, (b) appointing Tushar Amin as lead plaintiff on behalf of the Class, and (c) approving Movant's choice of Glancy Binkow & Goldberg LLP

-9-

as lead counsel for the Class, with The Miller Law Firm, P.C. as liaison counsel, and granting

such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 15, 2009          **THE MILLER LAW FIRM, P.C.**

By:___/s/ *E. Powell Miller*_____
        E. Powell Miller
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone:    (248) 841-2200
Facsimile:    (248) 652-2852

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160

*Proposed Lead Counsel*

ENDFIELD

-10-

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**DETROIT DIVISION**

| | |
|---|---|
| JONATHAN WILKOF, Individually and on Behalf of All Others Similarly Situated, | No. 2:09-cv-12830-RHC-MJH |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS and MUKUL RATHI, | |
| Defendants. | |
| DEANNA ADAMS, EUGENE DENEUTTE, COLLIN D. SMITH and BARRY S. WEINER, Individually and on Behalf of All Others Similarly Situated, | No. 2:09-cv-12900-VAR-MKM |
| Plaintiff, | |
| v. | |
| CARACO PHARMACEUTICAL LABORATORIES, LTD., DANIEL H. MOVENS and MUKUL RATHI, | |
| Defendants. | |

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is Miller Building, 950 West University Drive, Suite 300, Rochester, Michigan 48307.

-i-

On September 15, 2009, I caused the foregoing, along with the referenced Exhibits to be served on the parties shown below by posting the above-referenced documents on the ECF website, for electronic service pursuant to ECF rules, and, in the case of those persons not listed as recipients of electronic service, by instead placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Dallas, Texas:

SEE SERVICE LIST

Executed on September 15, 2009, at Rochester, Michigan.

I certify under penalty of perjury that the foregoing is true and correct.


    /s/ ***Darryl Bressack***    
Darryl Bressack

**SERVICE LIST**

**Electronically To All ECF-Registered Entities**

S. Thomas Wienner
Weinner, Gould
950 W. University Drive
Suite 350
Rochester , MI 48307
248-841-9400
Email: twienner@wiennergould.com

Joe Kendall
Hamilton Lindley
Kendall Law Group, LLP
3232 McKinney, Ste. 700
Dallas, TX 75204
214-744-3000

**By US Mail To All Known Non-ECF-Registered Entities**

Caraco Pharmaceutical Laboratories, Ltd.
1150 Elijah McCoy Drive
Detroit, MI 48202
313-871-8400

Daniel H. Movens
c/o Caraco Pharmaceutical Laboratories, Ltd.
1150 Elijah McCoy Drive
Detroit, MI 48202
313-871-8400

Mukul Rathi
c/o Caraco Pharmaceutical Laboratories, Ltd.
1150 Elijah McCoy Drive
Detroit, MI 48202
313-871-8400

-iii-